UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CATHERINE ANN JOHANNES, RPH,

    Plaintiff,

Case No. 16-10756

v.

Hon. John Corbett O'Meara

WAL-MART STORES, INC., d/b/a
SAM'S CLUB,

    Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Before the court is Defendant's motion for summary judgment, which has been fully briefed. For the reasons explained below, Defendant's motion is granted.

**BACKGROUND FACTS**

Plaintiff Catherine Ann Johannes began her employment as a licensed pharmacist at Sam's Club in 2006. In 2013 an audit of the pharmacy was conducted. After a review of surveillance tapes, the investigator discovered that Plaintiff had left the pharmacy unattended on January 23, 2013, for approximately fifty minutes. Contending that Plaintiff violated pharmacy policy, Defendant terminated her employment on February 20, 2013. See Def.'s Ex. C (prescription

area security policy).  Although Plaintiff acknowledges her absence from the pharmacy for computer training and to shop for groceries, she denies that she violated company policy.  See Johannes Dep. at 96-97.

Defendant reported Plaintiff's termination to the Michigan Department of Licensing and Regulation on February 22, 2013.  In the notice, Defendant stated that Plaintiff was "terminated for violation of Walmart's Pharmacy area security policy." Def.'s Ex. E.

Subsequently, the Michigan Board of Pharmacy filed an administrative complaint against Plaintiff, alleging that she failed "to maintain personal charge of a pharmacy that is open for business" in violation of various sections of the Public Health Code.  Ultimately, however, the administrative complaint was dismissed on October 14, 2015.

Plaintiff filed this action, which was removed to this court, in January 2016.  Plaintiff's complaint alleges claims of malicious prosecution, abuse of process, and intentional infliction of emotional distress.

## LAW AND ANALYSIS

Defendant argues that its report of Plaintiff's termination to the state pharmacy board was in compliance with its duty under Michigan law and is protected by statutory immunity.  Pursuant to M.C.L. 333.17748,

> A pharmacy, manufacturer, or wholesale distributor shall
> report to the department a change in ownership,
> management, location, or its PIC [pharmacist in charge]
> or facility manager designated under subsection (2) not
> later than 30 days after the change occurs.

Id.[1]  M.C.L. 333.16244 provides statutory immunity as follows:

> A person . . . acting in good faith who makes a report;
> assists in originating, investigating, or preparing a report;
> or assists a board or task force, a disciplinary
> subcommittee, a hearings examiner, the committee, or the
> department in carrying out its duties under this article is
> immune from civil or criminal liability including, but not
> limited to, liability in a civil action for damages that
> might otherwise be incurred thereby and is protected
> under the whistleblowers' protection act. . . . A person
> making or assisting in making a report, or assisting a
> board or task force, a hearings examiner, the committee
> or the department, is presumed to have acted in good
> faith.  The immunity from civil or criminal liability
> granted under this subsection extends only to acts done
> pursuant to this article or section 21513(e).

Id.

Plaintiff does not dispute that Defendant was required to report her change in employment status pursuant to M.C.L. 333.17748.  Under M.C.L. 333.16244, Defendant is immune from civil liability for making such a report, provided that it

---

[1] Defendant also argues that it was required to report Plaintiff's change in employment status pursuant to M.C.L. 333.20175(5).  However, this section applies to a "health facility or agency," which does not expressly include pharmacies. See M.C.L. 333.20106(1) (definition of "health facility or agency").

acted in good faith.  Id.  Moreover, Defendant is presumed to have acted in good faith.  Id.  Plaintiff has not provided evidence to rebut the presumption that Defendant reported her termination in good faith.  Plaintiff's disagreement with the decision to terminate her is insufficient to rebut the presumption that Defendant made the report in good faith.  Based upon the above statutory authority, the court finds that Defendant is entitled to immunity.

## ORDER

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is GRANTED.

                                                  s/John Corbett O'Meara
                                                  United States District Judge

Date:  September 19, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, September 19, 2017, using the ECF system.

                                                  s/William Barkholz
                                                  Case Manager